```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

DINA RAYNOLDS,                        :
   Plaintiff,                         :
                                      :
     v.                               :   Civil No. 3:11cv205(AVC)
                                      :
JANET NAPOLITANO, SECRETARY,          :
DEPARTMENT OF HOMELAND                :
SECURITY, ERIC H. HOLDER, Jr.,        :
ATTORNEY GENERAL, and                 :
ALEJANDRO MAYORKAS,                   :
DIRECTOR, U.S. CITIZENSHIP            :
and IMMIGRATION SERVICES,             :
   Defendants.                        :
```

### RULING RE MOTIONS FOR SUMMARY JUDGMENT

This is an action brought pursuant to 8 U.S.C. § 1421(c),[1] in which the plaintiff, Dina Raynolds, seeks judicial review of an unsuccessful application for United States citizenship. Raynolds has sued the federal government, naming several defendants: Janet Napolitano, Secretary of the Department of Homeland Security; Eric H. Holder, United States Attorney General; and Alehandro Mayorkas, Director of U.S. Citizenship and Immigration Services (collectively, "defendants"). The parties have filed cross-motions for summary judgment, which are pending before the court. The issues are: (1) Whether the United States Citizenship and Immigration Service ("USCIS") may, when

---

[1] 8 U.S.C. § 1421(c) provides: "[a] person whose application for naturalization under this subchapter is denied , after a hearing before an immigration officer under Section 1447(a) of this Title, may seek review of such denial before the United States district court . . . . Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law . . . ."

determining an applicant's eligibility for U.S. citizenship, consider an applicant's actions that occur more than 120 days beyond USCIS's initial examination, if the applicant does not file an action in district court, and (2) whether USIS properly concluded that Raynolds failed to meet the continuous residence requirement necessary to obtain U.S. citizenship. For the following reasons, Raynolds' motion for summary judgment is DENIED and the defendants' motion for summary judgment is GRANTED.

## **FACTS**

Examination of the complaint, pleadings, the defendant's local rule 56 statement, the exhibits accompanying the motions for summary judgment, and the responses thereto, discloses the following, undisputed, material facts:

Raynolds, a native of the former Soviet Union and a Russian citizen, has been a lawful permanent resident of the United States since November 16, 2000. On December 27, 2004, Raynolds filed an application for naturalization. On August 5, 2005, she was interviewed by a USCIS agent regarding her application. On August 7, 2005, two days after her interview with USCIS, Raynolds left the United States for more than four months. Between 2006 and 2010 Raynolds left the country for several extended periods, including a seven month absence between March 25, 2008, and October 28, 2008. Department of Homeland Security

records show that Raynolds was physically present in the United States for 175 days in 2006; 17 days in 2007; 14 days in 2008; 16 days in 2009; and 19 days between January 1, 2010 and December 22, 2010.

On December 11, 2009, USCIS interviewed Raynolds a second time, and on January 8, 2010, USCIS denied the plaintiff's application after concluding that she failed to maintain "continuous residence in the United States since the beginning of 2005." Raynolds pursued her administrative remedies, and on December 28, 2010, USCIS again denied her application for failure to meet the continuous residency requirement. This action followed.

## DISCUSSION

Under the Immigration and Nationality Act ("INA"), the Attorney General has the "sole authority to naturalize persons as citizens of the United States . . . ." 8 U.S.C. § 1421(a). However, judicial review of a USCIS naturalization decision is available in limited circumstances. According to 8 U.S.C. § 1421(c), this court has the authority to review and decide *de novo* Raynolds' application for naturalization. Summary judgment is appropriate in *de novo* proceedings pursuant to 8 U.S.C. § 1421(c). Chan v. Gantner, 464 F.3d 289, 295-96 (2d Cir. 2006). "It is well settled that the burden is on the alien applicant to show his eligibility for citizenship in every respect. I.N.S. v.

Pangilinan, 486 U.S. 875, 886 (1988). "No alien has the slightest right to naturalization unless all statutory requirements are complied with . . . ." U.S. v. Ginsberg, 243 U.S. 472, 475 (1917). This court must strictly comply with all of the congressionally imposed prerequisites to the acquisition of citizenship. See Fedorenko v. U.S., 449 U.S. 490, 506 (1981).

To become a naturalized citizen in the United States, an applicant must satisfy the requirements set forth in the INA. See 8 U.S.C. 1427; 8 C.F.R. § 316. The requirements for becoming a naturalized citizen of the United States are set forth in 8 U.S.C. § 1427(a):

> No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well-disposed to the good order and happiness of the United States.

4

Raynolds first argues that USCIS was barred from considering her place of residence in the time period more than 120 days after her citizenship examination because "USCIS has the regulatory duty to adjudicate the [p]laintiff's application within 120 days of the initial interview." In response, the defendants argue that "USCIS does not have a 120-day deadline to adjudicate naturalization applications, and any action that USCIS takes after this 120-day period is not barred under 1447(b) unless the applicant files an action in federal court."

Raynolds' argument that USCIS is required to adjudicate naturalization applications within 120 days of the initial examination is without merit. Under 18 U.S.C. 1447(b), USCIS is not automatically divested of the authority to adjudicate naturalization claims if it does not act on an application within 120 days of the initial examination. Rather, § 1447(b) gives applicants the option to file an action in district court if USCIS has not acted on the application within 120 days of the initial examination.[2] The Second Circuit has held that USCIS retains jurisdiction beyond the 120-day period following the initial examination if the naturalization applicant does not file a § 1447(b) petition in district court. Busmante v.

---

[2] "If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant **may** apply to the United States district court . . . for a hearing on the matter" 18 U.S.C. 1447(b)(emphasis added).

Napolitano, 582 F.3d 403, 406 (2d Cir. 2009). USCIS may properly adjudicate naturalization applications until the time an applicant files an action in district court under § 1447(b). Id. Further, nothing in § 1447(b) limits USCIS to considering whether an applicant has satisfied the requirements of 8 C.F.R. § 316 to the 120-day period.

    Here, Raynolds filed this action *after* USCIS denied her naturalization application. Accordingly, USCIS was never divested of jurisdiction to adjudicate her application. Because it maintained authority to adjudicate Raynolds' application, the court concludes that USCIS properly considered whether she met the requirements of 8 C.F.R. § 316 while her application was pending.

    Having concluded that Raynolds' actions more than 120 days after her USCIS examination may be considered when determining her residence, the court must next consider whether Raynolds' frequent absences from the United States resulted in a change of her residence for purposes of her naturalization application. The INA defines "residence" as "the place of general abode; the place general abode of a person means his principal, actual dwelling place in fact, without regard to intent." 8 U.S.C. § 1101(a)(33). "Residence" is further defined in the Code of Federal Regulations as the "alien's domicile, or principal

actual dwelling place, without regard to the alien's intent." 8 C.F.R. § 316.5(a).

The facts overwhelmingly indicate that, during the pendency of her application, Raynolds abandoned her residence in Connecticut. Beginning in 2005, Raynolds spent the majority of her time outside the United States. In fact, from 2007 to December 22, 2010, the defendant was only in the United States for 52 days. That being the case, the court cannot conclude that Connecticut was Raynolds' "actual dwelling place in fact" during the time in which her naturalization application was pending. Accordingly, USCIS properly concluded that Raynolds did not meet the continuous residency requirement contained in 8 U.S.C. § 1427(a).

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion for summary judgment is DENIED and the defendants' motion for summary judgment is GRANTED. The clerk is directed to close this case.

It is so ordered this 16th day of May 2013, at Hartford, Connecticut.

```
            _____/s/_____
            Alfred V. Covello
            United States District Judge
```